## ORTON *v.* THE STATE.

On a trial for an assault, articles of apprenticeship may be given as evidence to the jury, in order to show the relation of master and apprentice between the person assaulted and the object in dispute.

A master may do that to protect his apprentice, which, under other circumstances would be an assault or give considerable provocation for one.

An informal or ambiguous verdict may be corrected or explained at any time before the jury is discharged.

The district court has concurrent jurisdiction over all offenses cognizable before a justice of the peace.

A simple assault is included in the charge of an assault with intent to commit a bodily injury.

### *Error to Lee District Court.*

*Opinion by* GREENE, J. · Orton was indicted for an assault upon Terrel, and on trial found guilty. It is now contended that several errors were committed below in the progress of the trial.

1. It is claimed that the court erred in admitting in evidence the indentures of apprenticeship, which showed that the brother of the defendant was entrusted to Terrel as an apprentice, by his father. As the bill of exceptions shows that the difficulty between Orton and Terrel grew out of an attempt by Orton to take away his brother, the apprentice, this instrument appeared to be relevant to show Terrel's rights and relation to the boy, in order to justify his efforts to defend and retain him. By showing, that the powers, liabilities and duties of the master, Terrel, were towards the object in dispute, the same as those of a parent towards a child, acts would be justified on the part of the master which would, in the absence of such relation, show him to be the assailing and perhaps the guilty party. A master may do that to protect his apprentice, which another party could not do without being the assailant, or giving considerable provocation for an assault. In this

Orton *v.* The State.

instance it seemed material that the true relation between the person assaulted and the object in dispute should be fully understood by the jury. We conclude, then, that the court did not err in admitting the instrument in evidence.

2. It is claimed that the court erred in overruling defendant's motion in arrest of judgment. In support of this motion, it is urged, that the court altered the verdict of the jury.

It appears by the bill of exceptions that the jury returned the following verdict: "We, the jury, find the defendant guilty of the second charge in the indictment." The court, on receiving the verdict, said, "Gentlemen, let us understand this verdict; you find on the simple assault?" The jury assented. Thereupon the court added to the verdict, in the presence of the jury, the following words, "the simple assault."

As the second count in the indictment charges a "simple assault" only, the verdict of the jury justifies the assumption that they found the defendant guilty on the second count in the indictment. The judgment in the case is in harmony with this view of the verdict. The words added to the verdict in the presence of the jury, were in accordance with their explanation of the verdict. The addition of those words was justifiable. They did not change; they simply explained the intention and meaning of the verdict. Where a jury return to the court an informal or ambiguous verdict, it is the duty of the court to have it corrected in form, or have the ambiguity explained by the jury, at any time before they are discharged. *Wright* v. *Phillips*, 2 G. Greene, 191.

3. But it is objected that a simple assault is not indictable, as the offense is cognizable before a justice of the peace. Code, § 3322. Although justices of the peace have jurisdiction over such offenses, it does not, therefore follow, that the district court is divested of such jurisdiction. In such a case the jurisdiction is concurrent.

Orton *v.* The State.

The Code provides that the district court shall exercise general jurisdiction, both civil and criminal, " when not otherwise provided by law," § 1575. That jurisdiction can be taken away only by express words. *Wright* v. *Marsh*, 2 G. Greene, 94.

Under the constitution, the district court has jurisdiction in *all* civil and criminal matters arising in their respective districts. See art. 5, § 4. The general and concurrent extent of that jurisdiction has been repeatedly before this court. *Chapman* v. *Morgan*, 2 G. Greene, 374; *Nelson* v. *Gray*, ib., 397; *Hutton* v. *Drebilbis*, ib. 593.

The indictment contains three counts, in each of which an indictable assault is charged, under which a simple assault might be included. A defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment. Code, § 3039. A simple assault is necessarily included in the charge of an assault, with intent to commit a bodily injury, and therefore the defendant might have been found guilty under either count.

Judgment affirmed.

*J. C. Hall* and *C. H. Phelps*, for plaintiff in error.

*Joseph M. Beck*, for the state.